# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| STEPHEN M. MULICH,<br>            Appellant, | DOCKET NUMBER<br>DC-0845-13-0477-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>            Agency. | DATE: December 29, 2014 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Melinda N. Mulich</u>, Huntersville, North Carolina, for the appellant.

<u>Kristine Prentice</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM's) reconsideration decision finding that he received an annuity overpayment and found that he established his entitlement to a waiver of the overpayment. For the reasons discussed below, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

GRANT the appellant's petition for review and AFFIRM the initial decision AS MODIFIED. Except as expressly modified by this Final Order, the initial decision is the Board's final decision.

¶2 On March 21, 2013, OPM issued a reconsideration decision affirming its finding that, between November 2010 and July 2012, the appellant was overpaid $11,701.61 in disability annuity benefits under the Federal Employees' Retirement System (FERS). Initial Appeal File (IAF), Tab 14 at 7-10. OPM paid the appellant interim payments while it processed his disability retirement application. *See id.* at 7-8. In calculating the appellant's regular annuity, OPM concluded that he was due payment for his accrued annuity but that he owed health and life insurance premiums, which resulted in an overpayment because the interim payments he received exceeded the amount he was owed after the deduction of health and life insurance premiums. *Id.* at 8-9. In its reconsideration decision, OPM also denied the appellant's request for a waiver of the overpayment but agreed to collect the overpayment in 234 monthly installments. *Id.* at 9.

¶3 The appellant filed an appeal with the Board regarding OPM's reconsideration decision, alleging that: (1) he did not receive an overpayment and, to the contrary, OPM underpaid him; and (2) if an overpayment did occur, he was entitled to a waiver of the overpayment. IAF, Tab 1. He requested a hearing but subsequently withdrew that request. IAF, Tab 1 at 2, Tab 17 at 1.

¶4 The administrative judge issued an initial decision based on the written record. IAF, Tab 23, Initial Decision (ID). She found that: (1) OPM established the existence and amount of the alleged overpayment by preponderant evidence; (2) the appellant was without fault in the overpayment; (3) the appellant established that he was entitled to a waiver because recovery of the overpayment would cause him financial hardship but not based on detrimental reliance or unconscionability; and (4) the set-aside rule did not preclude waiver. ID.

¶5    The appellant, but not OPM, has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. In his petition for review, the appellant contends that OPM failed to prove the existence and amount of the alleged overpayment. *Id.* at 5, 8-9. He states that OPM failed to explain how it calculated his high-three salary, specifically, what information it used for that calculation, and also failed to identify the figures it used to account for cost-of-living adjustments (COLAs). *Id.* at 9. He also states that OPM may have improperly withheld social security wages from his annuity, even though he is not entitled to, and does not receive, such benefits. *Id.* at 8-9.

OPM proved the existence and amount of the alleged overpayment.

¶6    OPM bears the burden of proving the existence and amount of an annuity overpayment by preponderant evidence. *Vojas v. Office of Personnel Management*, 115 M.S.P.R. 502, ¶ 10 (2011); 5 C.F.R. § 845.307(a). The administrative judge found that OPM satisfied this burden. In so finding, she relied on a computer printout OPM provided documenting the interim payments made to the appellant, as well as OPM's reconsideration decision, which set forth the interim payments made to the appellant, the required deductions for health and life insurance premiums, and the amount of the alleged overpayment. ID at 5; *see* IAF, Tab 14 at 7-10, 23-24. She found no error in OPM's calculations because the appellant did "not provide[ ] any probative evidence of the alleged miscalculation of the overpayment." ID at 5.

¶7    We disagree with the administrative judge's finding that OPM's evidence sufficed to establish by preponderant evidence the existence and amount of the alleged overpayment. As the appellant correctly points out on review, OPM did not specify the high-three salary it used to determine the amount of accrued annuity due, or explain how it calculated the high-three salary used. OPM failed to identify the formula it used to calculate the appellant's annuity. OPM also failed to indicate whether it applied a COLA after the appellant's first year of annuity. *See* 5 C.F.R. § 841.703(e). Moreover, OPM's reconsideration decision

stated, "The amount you were paid in estimated interim payments exceeded the correct amount of regular annuity which had accrued. Interim payments had not been reduced for Social Security Disability Insurance [(SSDI)] Benefit." IAF, Tab 14 at 7. It thus appeared that OPM's annuity calculation included an offset for SSDI benefits, but OPM provided no evidence that the appellant was entitled to SSDI benefits and, to the extent that OPM reduced the appellant's annuity based on his alleged entitlement to SSDI benefits, it did not set forth the amount of the SSDI benefits to which the appellant was purportedly entitled, as determined by the Social Security Administration (SSA).[2] *See* 5 U.S.C. § 8452(a)(2)(A); *see also Brashears v. Office of Personnel Management*, 30 M.S.P.R. 250, 251-52 (1986) (affirming the administrative judge's finding that OPM failed to prove its claim that the appellant was overpaid as a result of its failure to reduce his annuity due to his eligibility for social security benefits because OPM did not establish that he was eligible for social security benefits during the relevant time period, notably failing to explain or attempt to correct the absence in the record of a completed form from SSA certifying the appellant's initial eligibility for benefits). In short, OPM did not provide sufficient information for the administrative judge to conclude that its annuity calculation was correct. We therefore MODIFY the initial decision in that regard.

¶8    Because the record was not sufficiently developed for us to determine whether OPM's annuity calculation was correct, we ordered OPM to submit evidence on the aforementioned issues and also ordered the appellant to file a response to OPM's submission. PFR File, Tab 13. After reviewing the parties'

---

[2] The appellant asserted below that he did not receive any SSDI benefits. IAF, Tab 15 at 18. We note that it is not relevant whether the appellant actually received social security benefits because OPM is required to reduce an appellant's FERS annuity based on his entitlement to, rather than actual receipt of, social security benefits. *Cohron v. Office of Personnel Management*, 96 M.S.P.R. 466, ¶ 12 (2004).

responses to our order, we find that OPM has properly calculated the appellant's annuity and proved that an overpayment occurred.[3]

¶9       As an initial matter, we note that OPM provided information regarding its calculation of the appellant's annuity through August 30, 2014.  PFR File, Tab 14 at 9-11.   However, the reconsideration decision before us concerns an overpayment the appellant received between November 20, 2010, and July 30, 2012.  IAF, Tab 14 at 8-9.  Our review is therefore limited to that time period. *See Adkins v. Office of Personnel Management*, 104 M.S.P.R. 206, ¶ 5 (2006) (the Board ordinarily lacks jurisdiction to consider an issue not addressed by OPM in a reconsideration decision on a retirement issue).   If the appellant wishes to challenge OPM's calculations for any period occurring after July 30, 2012, which it appears he may, *see* PFR File, Tab 21 at 6-13, he must follow the procedures set forth at 5 C.F.R. Part 841, Subpart C.

¶10      As to the overpayment at issue, OPM explained that it applied the formula set forth at 5 U.S.C. § 8452(a)(1), which is the appropriate formula for computing a disability annuity under FERS.  PFR File, Tab 14 at 7; *see Cebzanov v. Office of Personnel Management*, 96 M.S.P.R. 562, ¶ 5 (2004).   OPM identified the high-three salary it used to calculate the appellant's annuity, indicated that it was derived from the three-year period immediately preceding the appellant's retirement, and noted the various rates of pay the appellant earned during the relevant time period.[4]   PFR File, Tab 14 at 8.  OPM computed the appellant's

---

[3] The appellant argues that the administrative judge erred in failing to rule on his motion to compel, notwithstanding OPM's failure to respond to his discovery requests. PFR File, Tab 1 at 7, 9.  We find that this issue is now moot because OPM, in response to our order, provided detailed information regarding how it calculated the appellant's annuity—the exact information the appellant argues that he was entitled to receive below in response to his discovery requests—and the appellant was afforded an opportunity to review and respond to that evidence.  PFR File, Tab 14; *see* PFR File, Tab 1 at 9, Tabs 15-22.

[4] OPM did not provide the Individual Retirement Record it should have received from the appellant's last employing agency, so we still cannot verify the accuracy of these amounts.  *See* 5 C.F.R. § 841.504(d).  However, in his response to OPM's submission

yearly annuity rate at 60 percent of his high-three salary for the first year, and 40 percent of his high-three salary thereafter. *Id.* at 9; *see* 5 U.S.C. § 8452(a)(1)(A). As 5 U.S.C. § 8419(a)(1) requires, OPM then reduced the appellant's annuity by 10 percent because the appellant elected a survivor annuity, which he concedes is proper. PFR File, Tab 1 at 11, Tab 14 at 9. OPM applied a 2.6 percent COLA after the first year of the appellant's annuity. PFR File, Tab 14 at 9; *see* 5 U.S.C. §§ 8452(a)(1)(B), 8462; *see also* 5 C.F.R. § 841.703(e). As to the issue of SSDI benefits, OPM clarified that it did not reduce the appellant's annuity pursuant to 5 U.S.C. § 8452(a)(2) because SSA notified OPM that the appellant was not eligible to receive such benefits. PFR File, Tab 14 at 8.

¶11      We recognize that OPM concedes its initial calculation of the appellant's high-three salary was incorrect. *Id.* Taking into account the corrected high-three salary, OPM underpaid the appellant's gross annuity by approximately $3,282.00, rather than by $2,931.00, while he was receiving interim payments. However, we have no jurisdiction to review OPM's determination that the appellant owed $14,632.61 for health and life insurance premiums. *Mitchell v. Office of Personnel Management*, 97 M.S.P.R. 566, ¶ 9 (2004) (the Board does not have jurisdiction to review OPM's determination that it failed to withhold from an annuity the correct amount of life insurance premiums); *Lee v. Office of*

pursuant to our order, the appellant does not dispute the agency's revised calculation of his high-three salary. *See* PFR File, Tab 21. We note that, in his petition for review, the appellant asserted that his salary in his last year of employment was at or around $129,400, which is consistent with the time period and figures OPM used. *Compare* PFR File, Tab 1 at 12, *with* PFR File, Tab 14 at 8. Moreover, the appellant indicated his belief that his high-three salary may have been up to $111,000, and OPM's calculation of his high-three salary exceeds that amount. *Compare* IAF, Tab 1 at 12, *with* PFR File, Tab 14 at 8. We therefore find that OPM established the amount of the appellant's high-three salary by preponderant evidence. *Cf. Hunter v. Office of Personnel Management*, 109 M.S.P.R. 514, ¶ 9 (2008) (where the appellant disputed OPM's calculation of an alleged overpayment, but did not dispute that he was overpaid by at least as much as OPM alleged, the Board found that OPM proved by preponderant evidence that the appellant was overpaid by the amount alleged and found that it did not need to determine whether the overpayment was actually greater than the amount OPM sought to recover), *aff'd*, No. 2008-3354 (Fed. Cir. Jan. 27, 2009).

*Personnel Management*, [32 M.S.P.R. 149](#), 152-53 (1987) (OPM's decisions concerning federal health insurance benefits are final and are not reviewable by the Board); IAF, Tab 14 at 8-9. We are therefore satisfied that, notwithstanding OPM's error, an overpayment occurred because the underpayment of the appellant's annuity was insufficient to offset the amount he owed for health and life insurance premiums.

<u>We affirm the administrative judge's finding that the appellant is entitled to a waiver of the overpayment.</u>

¶12     The administrative judge found that the appellant is entitled to a waiver of the overpayment because: (1) he was without fault in receiving the overpayment; (2) recovery would be against equity and good conscience because it would cause him financial hardship[5]; and (3) the set-aside rule did not preclude waiver. ID at 5-13. OPM does not contest these findings. *See* PFR File, Tab 14 at 5-6, 11. We have reviewed the record and agree with the administrative judge's conclusions. We therefore AFFIRM the initial decision, insofar as the administrative judge found that the appellant is entitled to a waiver of the overpayment and ordered OPM to waive collection of the overpayment.[6]

---

[5] The appellant argues that the administrative judge erred in not finding that he was entitled to a waiver based on detrimental reliance, unconscionability, and because OPM's recovery collection schedule of 234 months violated its internal policy which he alleges limits the length of collection periods to 10 years. PFR File, Tab 1; *see* ID at 7-9. We find it unnecessary to reach these arguments because we agree that he is entitled to a waiver on other grounds.

[6] The appellant appears to assert that, as a result of the waiver, OPM must pay him the amount of the overpayment. *See* PFR File, Tab 21 at 12. He is mistaken. The waiver requires OPM to forego collection of the amount the appellant owes but does not entitle him to receive payment for funds he never paid to OPM. He is entitled to repayment of any amounts OPM actually collected for the overpayment, to the extent not already repaid. *See Fitzpatrick v. Office of Personnel Management*, [42 M.S.P.R. 396](#), 397-98 (1989). This would not include OPM's retroactive deduction of the appellant's optional life insurance premiums from his annuity which, as explained below, are entirely separate from any monies it collected to offset the overpayment at issue in the reconsideration decision before us.

The appellant makes several requests in his petition for review, which we must deny.

¶13    The appellant argues that OPM should be ordered to cease collecting past due premiums for standard optional, additional optional, and family optional life insurance, and to refund him for such premiums which it has already deducted from his annuity.[7]  PFR File, Tab 1 at 5-6, 10.  As an initial matter, we note that the overpayment calculation that is the subject of this appeal did not include past due premiums for optional life insurance.  *See* IAF, Tab 14 at 8-9.  Indeed, OPM had erroneously informed the appellant that he was ineligible to continue his optional life insurance coverage.  IAF, Tab 7, Subtab L at 3, Subtab M at 9.  It was not until after OPM issued its initial decision regarding the overpayment that he elected to receive this coverage, with the understanding and agreement that premiums for such coverage would be withheld retroactive to the commencing date of his retirement annuity.  PFR File, Tab 7 at 9; IAF, Tab 7, Subtab M at 9.  In any event, as previously stated, the Board does not have jurisdiction to review OPM's determination that it failed to withhold from an annuity the correct amount of life insurance premiums.[8]  *Mitchell*, 97 M.S.P.R. 566, ¶ 9.  Thus, we must DENY the appellant's request.

¶14    The appellant also requests that the Board order OPM to correct the IRS 1099-R forms it issued to him between 2010 and 2012, which he alleges contained erroneous information that caused him to suffer adverse tax

---

[7] The appellant contends, and the administrative judge noted in the initial decision, that OPM agreed during the prehearing conference to refund these amounts.  PFR File, Tab 1 at 5; ID at 5 n.4.  It is unclear why OPM made this agreement.  However, we find it irrelevant because, for the reasons set forth below, it is clear to us that the appellant's optional life insurance premiums are not a part of the overpayment at issue in this appeal.

[8] The appellant filed a motion for interim relief on the same basis.  PFR File, Tab 6.  For the same reasons stated above, his motion is DENIED.  His request to file an additional pleading, which appears to be a reply to OPM's response to his motion for interim relief, with accompanying attachments that are already in the record, is also DENIED.  PFR File, Tab 10.

consequences. *See* PFR File, Tab 1 at 6. His request is DENIED, as he has cited no legal authority, and we are not aware of any, which permits us to issue such an order. *Cf. Quackenbush v. Department of Justice*, 45 M.S.P.R. 543, 544 (1990) (the question of whether the amount of income tax withheld from a back pay award is in accordance with law, rule or regulation does not fall within the Board's jurisdiction). We also DENY the appellant's request for the Board to correct the record because the administrative judge incorrectly stated in the initial decision that he has three children, although he actually has four children. PFR File, Tab 1 at 4-5; ID at 11 n.5; *see* IAF, Tab 7, Subtab A at 38. We recognize that the appellant is certainly in a better position to know how many children he has, but the purpose of a petition for review is not to seek correction of minor misstatements that have no bearing on the outcome of an appeal. *See* 5 C.F.R. § 1201.115(a)(1) (any alleged factual error must be material, meaning of sufficient weight to warrant an outcome different from that of the initial decision).

## ORDER

We ORDER the Office of Personnel Management (OPM) to waive the collection of overpayment of the appellant's disability retirement annuity in the amount of $11,701.61. OPM must complete this action no later than 20 days after the date of this decision.

We also ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order. We ORDER the appellant to provide all necessary information OPM requests to help it carry out the Board's Order. The appellant, if not notified, should ask OPM about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that

OPM did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes OPM has not fully carried out the Board's Order, and should include the dates and results of any communications with OPM. *See* 5 C.F.R. § 1201.182(a).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide

for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.